[Civ. No. S. C. 10.   Second Appellate District, Division One.—March 12, 1937.]

RICHARD C. WILLIS, Appellant, v. EDWARD H. PAGE, as Executor, etc, Respondent.

Dana R. Weller and C. F. Culver for Appellant.

Ivan Miller for Respondent.

SHINN, J., *pro tem.*—The complaint is in two counts. There was no demurrer. When the case was called for trial the complaint was amended in certain respects and defendant, having answered, objected to the introduction of any evidence as to either cause of action, upon the ground that no cause of action was stated therein. This objection was sustained and judgment was entered that plaintiff take nothing by the action and that defendant recover his costs. From this judgment plaintiff appeals. The action is against the executor of William C. Doak, deceased.

The first cause of action is for the recovery of an interest in real property as an agreed broker's commission for negotiating a loan on said real property, plaintiff claiming to have procured a person ready, able and willing to make the loan upon the terms stated in decedent's written authorization. This agreement, executed on December 29, 1932, by decedent, William C. Doak, and plaintiff, authorized plaintiff to procure a person who would make a loan of $7,000, to be secured by note of Doak and his trust deed upon certain patented mining claims and a townsite block. The agreement (referred to in the record as exhibit "A"), in so far as it related to the loan and the commission, provided as follows: "Re the Loan: The party making the loan shall agree to deposit, irrevocably

for a period of six months, with Pioneer Title Insurance & Trust Company, El Centro, California, on or before January 5th, 1933, the sum of Seven Thousand ($7,000.00) Dollars. Of this sum Forty-five Hundred ($4,500.00) Dollars shall be made available to me Promptly upon delivery into escrow of, (1) Satisfaction of Ridgeway heirs claim of $4074.00; (2) Duly Executed Deed from Trustee of Ridgeway Estate, also (3) Duly executed deed from various heirs of Ridgeway Est.; (4) Any other documentary evidence available regarding title. Balance of said Seven Thousand ($7,000.00) Dollars shall be made available to me when clear title, ready for issuance of customary policy of Title Insurance, by Pioneer T. I. & T. Company, can be shown in my name. As security for said loan, I will give my personal promissory note in the sum of Seven Thousand ($7,000.00) Dollars, due two years from date of escrow, bearing interest of seven (7%) percent, payable annually, and evidence same by the execution and delivery of a first lien trust deed on customary Title Company form, covering said property, or any interest I may have therein. Also as a further consideration, for your various services and as a partial consideration for procuring said loan, I agree to deed to you, or nominee, in the said escrow, a Twenty-five (25%) percent interest in the fee title to the hereinabove described property; providing, however, that in the same escrow, there shall be deposited an agreement for the sale of aforesaid property, acknowledging me as sole manager, and agreeing to promptly approve any sale calling for an excess of Fifty Thousand ($50,000.00) Dollars purchase price; provided, such sale be *bona fide* and that no benefits shall accrue therefrom to me or any of my beneficiaries other than through the actual sales price.''

The complaint read in part as follows: ''V. That pursuant to the terms of said written contract plaintiff did procure a person ready, able and willing to make said loan of $7,000.00, in accordance with the terms of said agreement, and on the 4th day of January, 1933, introduced said party to the said William C. Doak at the office of the Pioneer Title Insurance Company at El Centro, California, and said party then and there offered to deposit with said Pioneer Title Insurance Company at El Centro, California, the said sum of $7,000.00 cash. VI. That the said Pioneer Title Insurance Company was designated by the said William C. Doak, as

agent to file the escrow pertaining to said loan, and at said time and place informed the party offering to deposit the sum of $7,000.00 that a title insurance policy could not be issued to the party offering to make said loan in accordance with the terms of said agreement of December 29th, 1932, attached hereto as Exhibit A, for the reason that said William C. Doak had executed an option to purchase said property to Treadwell Yukon Co., Ltd., a corporation, said corporation being the Bradley Interests referred to in said Exhibit A. VII. That plaintiff had not been informed of the terms of said contract prior to the said 4th day of January, 1933, and upon learning of said option plaintiff demanded of the said William C. Doak that he procure from the optionee an agreement subordinating its rights in said premises to the rights of the proposed lender of the said sum of $7,000.00; that notwithstanding such demand the said William C. Doak neglected to procure such subordination agreement. VIII. That on the 20th day of January, 1933, plaintiff notified the said William C. Doak in writing that he had procured a party ready, able and willing to make a loan of $7,000.00 under the terms and conditions set forth in said Exhibit A, and demanded of the said William C. Doak that he comply with the terms of said agreement on his part, but the said William C. Doak refused and neglected to comply with said demand; that said party referred to was the same party heretofore mentioned in paragraph V, and was on said January 20th, 1933, and at all times between the 4th day of January, 1933, and the said 20th day of January, 1933, ready, able and willing to make said loan of $7,000.00 under the terms and conditions set forth in said Exhibit A; that on said 20th day of January, 1933, the said William C. Doak had not sold said property to the Bradley Interests or associates or anyone else, and the said Bradley Interests never agreed to purchase said property and never did purchase said property. IX. That plaintiff has fully performed all of the conditions of said contract on his part, and that the completion of said loan was prevented by the refusal of said William C. Doak to perform said agreement on his part, without just cause or reason.'' The complaint alleged presentation to defendant executor of plaintiff's claim to a 25 per cent interest in the real property, the failure of the executor to act upon said claim within ten

days, and plaintiff's election to treat the claim as having been rejected.

The pleading of the conclusion that plaintiff had fully performed all of the conditions of said agreement on his part was allowable under section 457 of the Code of Civil Procedure. The complaint alleged specifically the acts of plaintiff which, according to the pleader, constituted performance on plaintiff's part which would have earned for him a commission. The allegation that plaintiff procured a person ready, able and willing to make the loan in accordance with the terms of the agreement was qualified by the further allegations of paragraphs VI and VII, wherein it was alleged that when the proposed lender was informed that the property was subject to a previous contract of sale plaintiff thereupon demanded that the rights of the holders of that contract be subordinated to the rights of the proposed lender, and that Doak neglected to obtain an agreement which would accomplish that purpose. The several paragraphs of the complaint must be read together and each clear and unequivocal statement should be given equal effect with the others. The general allegation that plaintiff had performed all of the conditions of the agreement on his part, while specifically authorized by the code, is none the less the statement of a conclusion and as such it is controlled by the specific allegations which are in conflict therewith. This principle is stated in *Little* v. *Union Oil Co.*, 73 Cal. App. 612, at 619 [238 Pac. 1066], as follows: "It is a general rule that where a conclusion is alleged and also the special facts from which the conclusion is drawn, if the special facts are inconsistent with and do not support the conclusion, the former control, and the sufficiency of the complaint is to be determined from the special facts pleaded." Numerous authorities are cited supporting this text.

In order to earn a commission it was not enough that plaintiff should procure a person ready, able and willing to loan $7,000 on the property; the proposed lender must have been willing to make the loan upon the terms stated in the agreement between plaintiff and defendant. Under that agreement the lender was required to place $7,000 in escrow, $4,500 of which was to be made available promptly to the borrower when certain deeds and releases were placed in the escrow. No guaranty of title was to be written at that time

nor was there any stipulation in the agreement that title must then have been clear and complete. Upon the contrary, the agreement of the borrower was to give his note secured by "a first lien trust deed on customary Title Company form, covering said property, or *any interest I may have therein*". (Italics added.) The trust deed, which was to be given when the sum borrowed should be placed in escrow, was to convey not the entire interest, but only such interest as the grantor might then have. After the withdrawal of $4,500, the balance of $2,500 was not to be made available to the borrower until his title had been made clear, and a period of six months was allowed him in which to perfect his title. If he failed to complete it within that limited time he would not become entitled to receive the $2,500, and the lender would then have a first lien secured by trust deed upon such interest in the property as the borrower might have had on the date the trust deed was given, as security for the $4,500 which the borrower had received. The complaint failed to show that plaintiff procured a person who was ready, able and willing to make a loan on the agreed terms. Upon the contrary, it showed definitely that the proposed lender was insisting that the title should be cleared as against the lien of the trust deed of an outstanding contract relating to a sale of the property before he obligated himself to lend the money. Furthermore, it did not appear from the complaint that Mr. Doak was unwilling or that he was unable to accept the loan and give the security upon the terms stated in the agreement; it appears only that he refused to place the title in a condition satisfactory to the lender at the time the money was borrowed, which he was not obliged to do. He was not required to waive the provision of the agreement under which he was allowed six months within which to furnish a clear title, and consequently was not in default in failing to waive that right. Manifestly Mr. Doak was fully justified in refusing the loan upon terms which imposed new, unwarranted and burdensome conditions. The allegation that the plaintiff notified decedent, on January 20, 1933, that he had procured a person ready, able and willing to make the loan adds nothing to the sufficiency of the complaint. The party referred to in this notice was the same one who had made the conditional offer on January 4th. It was not alleged that he had withdrawn the condition attached to his offer at any time between

January 4th and January 20th, nor that he had made a new and different offer. Furthermore, any offer which came after January 5th would have been too late. It was of the essence of the agreement that the loan was to be procured on or before January 5, 1933. As the loan was never consummated and could have been consummated only upon terms differing materially from those agreed upon at the time plaintiff was employed to negotiate the loan, plaintiff's commission was not earned, and the first cause of action stated insufficient facts to warrant a judgment in plaintiff's favor.

We consider now the sufficiency of the facts alleged in the second cause of action. In the same writing which authorized plaintiff to procure a loan of $7,000 were certain other provisions which gave plaintiff the right, first, to purchase the real property for $135,000, upon certain specified terms, and, second, to find a purchaser for the property for $150,000, payable in instalments over a period of years. The agreement provided that in the event plaintiff procured a purchaser he should receive a commission of 10 per cent of the purchase price, payable if, as, and when payments on the purchase price should be made. There were numerous conditions attached to either a purchase or sale by plaintiff which are not material to this discussion and which need not be enumerated. The complaint alleged that plaintiff procured a purchaser for the property upon the terms and conditions set forth in the agreement between plaintiff and defendant; that he notified Willian C. Doak in writing that he had procured such purchaser and tendered to Doak $500 as the first instalment of the purchase price, and that said Doak, without just cause or reason, refused to sell said property to such purchaser. It was alleged that the purchaser had ever since been ready, able and willing to purchase said property upon the stipulated terms; that plaintiff's claim for a commission in the sum of $15,000 had been presented to the executor, but had not been acted upon within ten days thereafter, and plaintiff had not been notified of any action taken thereon by the executor. This cause of action was for the recovery of the sum of $15,000 as commission for procuring a purchaser of the property.

The agreement, in so far as it related to the authorization to find a purchaser, contained the following provision: ''It is understood and agreed that in no case shall this agreement become effective in any particular unless said loan is made in

accordance with this agreement." This direct and positive provision was unqualified. We have already pointed out that the loan was not made and that plaintiff did not procure a person ready, able and willing to make the loan upon the conditions stipulated by the owner. It follows that the agreement, in so far as it purported to employ plaintiff to procure a purchaser for the property, never became effective. Plaintiff's agency was dependent upon a condition which was not fulfilled, and his acts in procuring a purchaser were therefore unauthorized, and placed Mr. Doak under no obligation to sell the property or to pay a commission.

Numerous other points are relied upon by respondent in support of the judgment and these are discussed at length in the briefs. As the judgment must be affirmed, these points require no comment. The trial court ruled correctly in sustaining the objection to the introduction of evidence to prove either cause of action upon the ground that neither cause of action stated facts which, if proved, would have entitled plaintiff to recover.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court of May 10, 1937.