[Civ. No. 15843. Second Dist., Div. One. Jan. 26, 1948.]

MARY SANDERS, Individually and as Administratrix, etc., Appellant, v. GEORGE S. ALLEN et al., Respondents.

Frank C. Weller and Thomas S. Tobin for Appellant.

Joseph D. Taylor and Paul Taylor for Respondents.

WHITE, J.—This is an action by Mary Sanders, individually and as administratrix of the estate of her deceased husband, for damages arising out of an alleged eviction of plaintiff and her husband from an apartment in the city of Los Angeles. The demurrer of defendant George S. Allen to the fifth amended complaint was sustained with leave to amend. Plaintiff declining to amend further, a judgment of dismissal was entered, from which judgment plaintiff appeals.

The first cause of action of the fifth amended complaint is substantially as follows:

That Mr. and Mrs. Sanders occupied an apartment at 1207 Miramar Street, in the city of Los Angeles, on a month-to-month tenancy; the defendant George S. Allen was the owner of the building in which the apartment was situated; that from and after November 2, 1942, defendant Allen, "so plaintiff believes and alleges the fact to be, entered upon a systematized campaign of annoyance, terrorism and vexation designed to interfere with the quiet and peaceable possession and enjoyment of the apartment," which campaign was directed against Mr. and Mrs. Sanders with the "aim and object" to "force plaintiff and her husband" to vacate the premises so that they could be rented to others at a higher rental.

That in pursuance of said campaign, the defendant Allen and his agents, servants and employees, "acting both jointly and severally and pursuant to a conspiracy, scheme and common design, and particularly one of the defendant Allen's employees, John Sinclair not sued herein, and the defendants Kelly Davis, Mildred M. Cowan and Louise Vaughn, committed, or caused to be committed against the plaintiff Mary Sanders and her husband George L. Sanders, now deceased, a series of malicious and mischievous acts designed by said defendants, and each of them to annoy, terrorize and harass the plaintiff and her husband . . . and to compel them to vacate said apartment against their will."

That for the purpose aforesaid and pursuant to said com-

mon design, the windows of the apartment were twice smashed, during February, 1945, by a person alleged on information and belief to be defendant John Sinclair, then an employee of defendant Allen, by throwing a dry cell battery through the windows; that a similar incident occurred a few nights later; that thereafter defendant Allen sent his employees to "remove the windows entirely" while a rainstorm threatened. On information and belief it was alleged that it was Allen's intent to remove the windows and keep them out during inclement weather.

That 15 or 16 months prior to filing of the complaint defendant Allen, with the same purpose aforesaid, blocked off a number of windows of the apartment by placing planks against the windows and refused to remove them for 30 days; that in February, 1945, sugar was placed in the automobile of plaintiffs while it was in a garage on the premises.

That as a part of the scheme and plan aforesaid, defendant Allen or his agents frequently annoyed the plaintiffs by repeated rapping at the door of the apartment; that various employees of defendant Allen, particularly defendant Kelly Davis, repeatedly rapped on plaintiffs' door and falsely accused them of creating a disturbance; that the same defendants repeatedly rang plaintiffs' telephone approximately once each hour.

That during April, May, June and part of July, 1945, the defendants, in pursuance of their plan, committed the following acts: In the latter part of April, defendant Sinclair drenched Mr. Sanders with water from a garden hose; the false telephone calls were resumed; that on July 14, on the porch of the apartment house, defendants Kelly Davis, Mildred M. Cowan, Louise Vaughn and others, employees of defendant Allen, then and there managing the apartment house, assaulted, knocked down, kicked and beat plaintiff's husband, George L. Sanders.

As a result of the conduct of defendants and in fear of injury and of their lives, plaintiffs vacated said apartment on July 15, 1945, although their rent was paid to August 10, 1945.

The second cause of action, which was stated to be solely on behalf of Mary Sanders individually, adopted most of the allegations above set forth of the first cause of action, and further alleged that as a result of the "systematized campaign of terrorism described in plaintiff's first cause of ac-

tion,'' particularly smashing windows, boarding up the windows, damaging of the automobile, rapping at the door, ringing of the telephone, and repeated assaults on George L. Sanders, deceased, ''this plaintiff, individually, was constantly frightened, apprehensive and mentally upset, and lived in constant fear of her life and of injury to her husband . . . that but for the conduct of the defendants herein and for fear of injury to her husband George L. Sanders and herself, this plaintiff would not have vacated said apartment . . . the sole reason for . . . vacating said apartment was the conduct of the defendants . . . as a result of her having been forced out of said Huntley Apartments this plaintiff, in addition to the fear and apprehension suffered by her, suffered extreme humiliation and embarrassment, all to her damage in the sum of $8,000.00.'' The second cause of action concluded with allegations as to defendant Allen's wealth, and that by reason of malice and oppression evidenced by Allen, plaintiff Mrs. Sanders was entitled to exemplary damages.

Defendant George S. Allen demurred to the fifth amended complaint and to each of the two causes of action thereof upon the grounds, as to the complaint, that there was a defect and misjoinder of parties plaintiff, that several causes of action had been improperly united and not separately stated, that the complaint did not state facts sufficient to constitute a cause of action, and that the complaint was uncertain, in that it could not be determined therefrom whether plaintiff sought damages to person or property, whether it was sought to recover for personal injury to the deceased, George L. Sanders or for injury to property rights of Mary Sanders and the deceased, and whether the damages sought by Mary Sanders for fear, annoyance, humiliation and embarrassment in the second cause of action ''are for the same wrongful acts alleged in the first cause of action.'' Similar objections were made as to each of the two causes of action, and, in addition, 24 assignments of uncertainty were made as to each cause of action.

The order of the trial court was: ''Demurrer sustained; plaintiffs are given ten days to amend.'' Plaintiffs declining to amend, a judgment of dismissal was entered. It is settled that an order sustaining a demurrer without specifying the particular ground or grounds of demurrer upon which it is based must be upheld on appeal if any of the grounds of demurrer are good. (*Moxley* v. *Title Ins. & Trust*

*Co.,* 27 Cal.2d 457, 462 [165 P.2d 15]; *Frasch* v. *London & Lancashire Fire Ins. Co.,* 213 Cal. 219 [2 P.2d 147]; *Haddad* v. *McDowell,* 213 Cal. 690 [3 P.2d 550].)

In urging that no cause of action is alleged by the complaint, respondent argues that although the pleader intended to bring an action for damages for unlawful eviction, he has succeeded merely in setting forth a series of wrongful acts of Allen and his codefendants, followed by the voluntary act of vacating the apartment on the part of Mr. and Mrs. Sanders, and has not shown that the damages claimed were proximately caused by the acts; that the complaint contains no allegation that the damages proximately resulted from the wrongful acts. Respondent, in other words, contends that the following allegation in the first cause of action is insufficient as an allegation of proximate cause: "That but for the conduct of the defendants herein and for fear of injury to them physically by said defendants, neither the plaintiff Mary Sanders nor her husband George L. Sanders, now deceased, would have vacated said apartment. . . ." This followed an allegation that as a result of an assault and fearing for their lives, Mr. and Mrs. Sanders vacated the apartment "against their will."

 The objection to the complaint, in this regard, is not well taken. The cause of action is one for damages for constructive eviction. There is alleged a series of acts which were designed to and allegedly did operate to deprive the tenants of the beneficial enjoyment of the premises, causing them to abandon them. In 32 American Jurisprudence, at page 231, it is said: ". . . It is now well established that any disturbance of the tenant's possession by the landlord, or someone acting under his authority, which renders the premises unfit for occupancy for the purposes for which they were demised or which deprives the tenant of the beneficial enjoyment of the premises, causing him to abandon them, amounts to a constructive eviction, provided the tenant abandons the premises within a reasonable time."

Respondent further contends that "because of the lack of any allegation of proximate causal connection between the acts, as an eviction, and the damages, no cause of action for an eviction is stated. If the acts are to be treated as wrongful, individually, and the damages as being the consequences of these acts then . . . there is a statement of several causes of action without separately stating the same."

By paragraph XIV of the first cause of action, it is alleged:

"That each and every one of the acts hereinbefore set forth and complained of were done by the defendants herein wilfully, knowingly, maliciously and oppressively, and with the intent and purpose on the part of said defendants to vex, annoy, harass, and terrorize the plaintiff Mary Sanders and her husband George L. Sanders, now deceased, *and to compel them, against their will, to move from and vacate their apartment as aforesaid, and by reason thereof they have suffered actual damages in the sum of $3,000.00.*" The foregoing allegation adequately shows, when taken together with the other allegations of the first cause of action hereinbefore summarized, that damages are sought for an eviction, and not for any act or series of acts which brought about the eviction. In other words, damages are sought for loss of the premises resulting from a breach of duty on the part of the defendants by a series of acts done with the intent to deprive the tenants of the quiet enjoyment of the premises. A single trespass or assault, it is true, would warrant an action for damages, but might not necessarily support a claimed constructive eviction; while a series of acts such as is set forth here, can well be said to have constituted a substantial interference with the use and enjoyment of the premises. (See *Cline* v. *Altose*, 158 Wash. 119 [290 P. 809, 70 A.L.R. 1471].)

What has heretofore been said applies equally to the second cause of action, on behalf of Mary Sanders individually. It also answers the contention that several causes of action have not been separately stated.

Contrary to respondent's contention, that no cause of action for a constructive eviction is stated, it must be held that sufficient facts are pleaded which, if true, constituted a serious interference with the use and occupation of property, and therefore amounted to an eviction.

■ The action is not one that abated with the death of Mr. Sanders. Upon his death the widow succeeded to his interest in the unexpired tenancy, and was, therefore, entitled, not only for herself, but as administratrix of her deceased husband's estate, to recover for the inconvenience, discomfort, humiliation and embarrassment suffered by each of them as a proximate result of the alleged unlawful eviction.

From what we have heretofore said, it follows that respondent's contention that the fifth amended complaint is uncertain, in that it cannot be ascertained therefrom whether

they are required to answer a cause of action for trespass, assault and battery, nuisance, or unlawful eviction, must fail.

The attempted appeal from the order sustaining the demurrer of George S. Allen to the fifth amended complaint is dismissed. The judgment appealed from is reversed and the cause remanded with directions to the court below to overrule the demurrer of defendant George S. Allen to the fifth amended complaint and to allow him a reasonable time within which to file an answer thereto if he be so advised.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied February 16, 1948, and respondent Allen's petition for a hearing by the Supreme Court was denied March 25, 1948. Schauer, J., and Spence, J., voted for a hearing.