[Civ. No. 17607.   Second Dist., Div. Two.   July 13, 1950.]

FRITZI C. BERNSTEIN et al., Appellants, v. EMANUEL A. PILLER et al., Respondents.

Jacob W. Silverman and Robert Licker for Appellants.

Samuel De Groot and Harold L. Newman for Respondents.

McCOMB, J.—From judgments of dismissal entered after plaintiffs failed to amend their complaint within the time allowed upon the sustaining of demurrers to the complaint, plaintiffs appeal. The complaint in three counts sought an injunction, an accounting and damages for an alleged conspiracy and wrongful use of plaintiffs' secret lists and processes.

*Facts:* It was alleged in the complaint that defendant Piller had been a former partner of plaintiffs in the collection service business. The other defendants were former employees of plaintiffs. In January, 1948, defendant Piller sold his entire interest in the partnership to plaintiffs. In January, 1949, defendants formed a partnership for the purpose of conducting a general collection and collection service business. In addition to the foregoing facts plaintiff specifically alleged in each count of the complaint:

## "XXIX

"That on or about said 1st day of January, 1949, and continuing to the present, all Defendants and in particular Defendants Emanuel A. Piller, Daniel D. Benedett, Carol E. Weber, Harry R. Tiegs, Mary Ellen Hill and Mercedes Correl Tapia maliciously and corruptly did pursue and do continue to pursue a course of unfair and vicious trade practices directed against Plaintiffs and unconscionably and wantonly did violate and do continue to violate the rights of Plaintiffs, as follows:

"1. That Defendants have utilized, and done business under the certain fictitious name and style, to wit, '*Credit* Bureau *National* Company.'

"2. That Defendants have falsely and fraudulently represented to various customers and clientele of Plaintiffs and to others that Defendant Emanuel A. Piller had been forced and frozen out of said partnership previously existing between Plaintiffs and said Piller.

"3. That Defendants have endeavored to induce various employees of Plaintiffs to leave the employ of Plaintiffs and to enter the employ of Defendants.

"4. That Defendants have utilized and employed in their said business said secret process, formula, method and system of Plaintiffs.

"5. That Defendants have solicited customers and clientele obtained from said secret and confidential list of Plaintiffs' customers.

"6. That Defendants have attempted to induce and entice and have actually induced and enticed various of said Plaintiffs' customers and clientele to sever their business relationships with Plaintiffs and instead to patronize Defendants.

"7. That Defendants are still continuing and will continue to solicit and entice Plaintiffs' customers."

Defendants filed special demurrers to the complaint on the ground of uncertainty in "that it cannot be ascertained from the allegations contained in paragraph XXIX, subparagraph 3 thereof, how the defendants have endeavored to induce various employees of plaintiffs to leave the employ of plaintiffs and to enter the employ of defendants, and the names of . . . That it cannot be ascertained from the allegations contained in paragraph XXIX, subparagraph 5 thereof, what customers the defendants have solicited.

"That it cannot be ascertained from the allegations contained in paragraph XXIX, subparagraph 6 thereof, what customers the defendants have attempted to induce and entice and have actually induced and enticed, to sever their business relationships with plaintiffs and instead to patronize the defendants."

These demurrers were sustained and plaintiffs were given leave to amend. Plaintiffs having failed to amend within the time allowed by the court, the present judgments were entered from which the appeal has been taken.

*Question: Did the trial court properly sustain the special demurrers to the complaint?*

This question must be answered in the affirmative and is governed by these rules:

█ (1) On appeal from a judgment entered after the sustaining of a demurrer the order of the trial court if in general terms must be affirmed by an appellate court if the demurrer is well taken as to any of the grounds stated therein. (*Haddad* v. *McDowell,* 213 Cal. 690, 691 [3 P.2d 550] ; *Jensky* v. *State Bd. of Equalization,* 67 Cal.App.2d 612, 614 [155 P.2d 87] ; *Metzenbaum* v. *Metzenbaum,* 86 Cal.App.2d 750, 752 [195 P.2d 492].)

█ (2) In pleading, the essential facts upon which a determination of the controversy depends should be stated with clearness and precision so that nothing is left to surmise. (*Philbrook* v. *Randall,* 195 Cal 95, 103 [231 P. 739].)

█ (3) Mere recitals, references to or allegations of material facts which are left to surmise are subject to a special

demurrer for uncertainty. (*Corum* v. *Hartford Acc. & Ind. Co.*, 67 Cal.App.2d 891, 894 [155 P.2d 710].)

Applying the foregoing rules to the facts of the instant case it is evident that the trial court's orders and judgments must be sustained. The orders sustaining the demurrers were general in their terms and therefore under rule (1) *supra,* if properly taken on any ground stated therein must be affirmed. Under rules (2) and (3) *supra,* the complaint was uncertain in paragraph XXIX, subdivisions 3, 5 and 6 because it does not give (a) the names of the employees of plaintiffs or any of them whom defendants endeavored to induce to leave plaintiffs' employ, (b) the names or any of them of the customers or clients defendants allegedly obtained from the secret and confidential list of plaintiffs' customers, and (c) the names of the customers or clients of plaintiffs whom defendants had attempted to induce or had actually induced to sever their business relationships with plaintiffs.

Affirmed.

Moore, P. J., and Wilson, J., concurred

A petition for a rehearing was denied July 28, 1950, and appellants' petition for a hearing by the Supreme Court was denied September 7, 1950. Carter, J., voted for a hearing.