[Civ. No. 18011.   Second Dist., Div. One.   June 25, 1951.]

OPHELIA  HUNTER, Appellant, v. JAKE  FREEMAN et al., Respondents.

Jacob W. Silverman for Appellant.

William Dellamore and E. W. Miller for Respondents.

DRAPEAU, J.—Plaintiff seeks to recover damages for alleged injuries sustained by her when a gas heater exploded.

On March 15, 1949, she rented a furnished apartment from defendants, the owners and operators of an apartment building. The explosion occurred on March 28, 1949, as plaintiff was lighting the heater for the first time during her occupancy of the premises. The flames which shot from the explosion severely burned her entire body.

General and special demurrers were sustained to the complaint and to the first amended complaint with leave to amend. Plaintiff having failed to amend the latter complaint within the time allowed, the court dismissed the action upon motion therefor made by defendants. This appeal is from the judgment of dismissal.

The first amended complaint contains three causes of action:

The first of these is based upon the breach of an implied warranty. It alleges that on and prior to March 28, 1949, respondents were the owners, operators, and in possession and control of the demised premises together with the furnishings, including "a detachable gas heater." That from March 15, 1949, appellant occupied the said furnished apartment as a tenant of respondents.

It is further alleged "That by reason of the foregoing . . . defendants and each of them, did impliedly warrant unto plaintiff that said furnishings, including said gas heater, were fit for use.

"That unknown to plaintiff, defendants did breach said warranty in that, at said time when plaintiff went into occupancy of said furnished apartment, and subsequent thereto, said gas heater was not fit for use by plaintiff but actually was in a defective, unsafe and dangerous condition."

Further, that the first time appellant had occasion to use the heater, it exploded burning her severely. "That said accident and casualty and the resultant injuries to plaintiff were directly and proximately caused by said breaches on the part of defendants and each of them and said resultant defective and dangerous condition of said heater"; all to her damage.

The second cause of action alleges negligence of respondents in that:

"1. They did maintain and control said heater in a careless, negligent and imprudent manner.

"2. They carelessly, negligently and imprudently failed and neglected to put said heater in a condition fit for the living purposes of plaintiff, and

"3. They carelessly, negligently and imprudently failed to repair all deteriorations and defects thereof."

The third cause of action alleges that at the time of the letting, respondents had "actual knowledge" of the defective, unsafe and dangerous condition of the heater; that they failed to disclose such condition to appellant, and that "said defects in said gas heater were unknown and unapparent" to appellant.

"That said accident and the injuries resulting therefrom were directly and proximately caused by said defects in said gas heater, the actual knowledge thereof by the defendants and each of them and their failure to disclose said defects to plaintiff at the time of the letting or at any time prior or subsequent thereto."

Appellants here rely upon the case of *Fisher* v. *Pennington*, 116 Cal.App. 248, 250 [2 P.2d 518], wherein it is stated: "Furniture supplied to the renter of a furnished apartment imposes on the owner a liability 'for all damages caused by the defects or *de*vices of the thing deposited' (Civ. Code, sec. 1833). In the renting of a furnished apartment there is an implied warranty that the furniture is fit for use or occupation." In the cited case, plaintiff was injured during the first month of the tenancy, when the door to which a folding bed was attached fell over the top of the bed.

In the late case of *Wilson* v. *Ray*, 100 Cal.App.2d 299, 303 [223 P.2d 313], which involved an explosion of a gas range while plaintiff was lighting the oven, it was held: "It is the general rule that a landlord is not liable to a tenant or his invitees for defective condition or faulty construction in property leased, in the absence of fraud, concealment or a covenant in the lease. (*Forrester* v. *Hoover Hotel & Inv. Co.*, 87 Cal.App.2d 226, 232 [196 P.2d 825]; *Shotwell* v. *Bloom*, 60 Cal.App.2d 303, 309 [140 P.2d 728].) . . . In the present case there is no pleading or proof that defendants covenanted in their lease that the stove in question was not defective, that they perpetrated any fraud upon the lessee or concealed any material fact from the lessee." It

was also stated that since the complaint in the cited case did not contain an allegation which would support the theory of an express or implied warranty, the case of *Fisher* v. *Pennington, supra,* did not apply.

In *Forrester* v. *Hoover Hotel & Inv. Co.,* 87 Cal.App.2d 226, 228, 231 [196 P.2d 825], an action based on negligence of the landlord when a folding bed fell and injured the tenant, it was said:

"The cause was submitted to the jury under instructions to the effect that the landlord was not liable for injuries resulting from defects which could be discovered by reasonable inspection, nor for latent defects unknown to him. . . . No instructions were given or requested upon the theory (hereinafter discussed) of breach of implied warranty that the furniture was fit for use. (*Fisher* v. *Pennington,* 116 Cal.App. 248 [2 P.2d 518].) . . .

"We are persuaded that to hold the landlord liable upon warranty for any injury resulting from a latent defect in the equipment or furnishings leased with a furnished apartment would be to make the landlord virtually an insurer of the safety of the tenant. We are satisfied that the correct rule, supported in this state by a long line of decisions, is that the landlord is not liable to the tenant for injuries due to a defective condition or faulty construction of the demised premises, in the absence of fraud, concealment or covenant in the lease. (*Shotwell* v. *Bloom,* 60 Cal.App.2d 303, 309 [140 P.2d 728]; *Colburn* v. *Shuravlev,* 24 Cal.App.2d 298, 299 [74 P.2d 1060])."

This court in the cited case distinguishes *Fisher* v. *Pennington, supra,* as follows: (p. 232)

"It is to be noted that in the case of *Fisher* v. *Pennington, supra,* relied upon by respondents, the injury was sustained during the first month of the tenancy, while in the Massachusetts cases cited above, application of the rule contended for by respondents is limited to the condition of the furniture or premises at the inception of the tenancy.

"In the case at bar the accident occurred some 14 months after the tenants went into possession, during all of which time the bed appeared to be in good condition and was safely usable. If, upon the authority of *Fisher* v. *Pennington, supra,* there be a liability attaching to the landlord upon an implied warranty . . . then we hold that such liability under the theories advanced in the last-cited case is confined to the condition of the premises at the beginning of the term

and not to conditions which, unknown to the lessor, subsequently arise. In the case with which we are here concerned, as heretofore noted, respondents detected no defect in the bed, its construction or attachment to the door. Any defect was therefore latent, and according to the testimony was equally unknown to the appellant landlord.''

As hereinbefore stated, the first cause of action herein avers that the explosion occurred the first time the tenant attempted to use the heater. This was only a few days after she moved into the apartment. In addition to alleging breach of the implied warranty of usability, appellant also alleges that the defective condition of the heater was unknown to her. The third cause of action alleges that respondents had actual knowledge of the defective condition of the heater, that they failed to disclose such fact to appellant, and that such defects were unknown to her. By virtue of these allegations concealment by respondents of the defective condition of the stove may be implied.

While it must be conceded that this is not a model pleading, the first and third causes of action sufficiently allege a breach of implied warranty.

Appellant urges that the court erred in sustaining respondents' special demurrer as to the allegations regarding special damages. These were for future medical services for treatment of appellant's injuries, and for loss of earnings. As to all of these amounts appellant pleaded lack of present knowledge, but that she would request leave to insert such amounts in her complaint when ascertained.

This manner of pleading special damages was held sufficient in *Ducat* v. *Goldner*, 77 Cal.App.2d 332 [175 P.2d 914], and in *Wilcox* v. *Sway*, 69 Cal.App.2d 560 [160 P.2d 154].

We reiterate the established rule that as against a general demurrer a complaint will be liberally construed with a view to substantial justice between the parties; that any mere ground of special demurrer for uncertainty will be resolved in support of the complaint and the demurrer overruled, when the necessary facts are shown to exist, although inaccurately or ambiguously stated, or appearing only by necessary implication. (21 Cal.Jur. 54, § 30; Code Civ. Proc., § 452.)

The judgment is reversed.

White, P. J., and Doran, J., concurred.