[Civ. No. 14769.   First Dist., Div. Two.   June 11, 1952.]

ERNEST M. MONROE, Appellant, v. EAST BAY RENTAL SERVICE (a Copartnership) et al., Respondents.

Duggan, Smith & Lawlor for Appellant.

Appelbaum & Mitchell and John Jewett Earle for Respondents.

GOODELL, J.—Appellant sued for $5,518, damages for bodily injuries.

A general and special demurrer to the first amended complaint was sustained with leave to amend, but after notice the plaintiff declined to amend and judgment was entered that he take nothing and that defendants should recover their costs. Plaintiff then appealed.

Defendants operate a business wherein they rent and lease to the public mechanical equipment including Roto-Tillers. A Roto-Tiller is a plow equipped with a gasoline-driven motor. The theory on which the action was brought, as indicated by the complaint, is that the Roto-Tiller which plaintiff hired from defendants was a dangerous instrumentality; that defendants had full knowledge of its inherent dangers and plaintiff had no knowledge of them; that it was delivered to him without inquiry by defendants as to how much or how little he knew of its functioning and hence its hazards, and that they did not instruct or warn him on the subject. The complaint alleged that while in operation the Roto-Tiller got out of control, raised from the ground, and fell on plaintiff.

Respondents rely on section 1955, Civil Code, which reads:

"One who lets personal property must deliver it to the hirer, secure his quiet enjoyment thereof against all lawful claimants, put it into a condition fit for the purpose for which he lets it, and repair all deteriorations thereof not occasioned by the fault of the hirer and not the natural result of its use."

Their contention is that this section by its definition of the "Obligations of letter of personal property" excludes every other possible obligation or duty, under the familiar rule *expressio unius est exclusio alterius.* Appellant answers this argument by citing the Restatement of the Law of Torts, volume 2, section 407, which deals with the tort liability of the lessor of a dangerous chattel. It is not necessary to in-

voke the Restatement since the statute law of this state covers the subject.

Section 1714 Civil Code, which is simply a definition of negligence (*Robinson* v. *Clemons*, 46 Cal.App. 661, 664 [190 P. 203]; *Withey* v. *Hammond Lbr. Co.*, 140 Cal.App. 587, 604 [35 P.2d 1080]) reads: "Everyone is responsible, not only for the result of his wilful acts, but also for an injury occasioned to another by his want of ordinary care or skill *in the management of his property . . .*" (Emphasis added.)

■ No possible conflict can be found between sections 1714 and 1955, each of which defines different obligations of an owner of property. Each of them has equal force and dignity, and both necessarily must be read together. (23 Cal.Jur. p. 784.)

The court in *Fisher* v. *Pennington*, 116 Cal.App. 248, 250-251 [2 P.2d 518] had occasion to discuss both sections and said: "Every person is responsible by his want of ordinary care in the management of his property for an injury sustained by the use of such property except in cases where the user has brought injury upon himself. (See Civ. Code, section 1714.) By the rental contract plaintiffs were conveyed an estate in the demised premises and they were entitled to the use and enjoyment of their habitation. A tortfeasor is liable notwithstanding the existence of a contract. If the cause of action arises from a breach of duty growing out of a contract it is *ex delicto*."

The case of *Johnstone* v. *Panama Pac. Int. Exposition Co.*, 187 Cal. 323 [202 P. 34] is in point. There a judgment entered on the sustaining of a demurrer was reversed. The plaintiff sued for injuries she received when an electric wheel chair steered and driven by another visitor at the exposition accidentally ran her down. The complaint alleged several grounds of negligence, but among them were grounds substantially the same as those pleaded herein. The motorized wheel chair had been let by a concessionaire of the exposition company, and the plaintiff alleged that the latter had not only negligently allowed the vehicle company to conduct its concession, but "negligently permitted it to allow visitors unskilled in the operation of the vehicles to operate them among the pedestrians . . ." It alleged "that the vehicles were dangerous appliances when placed in the hands of persons unskilled in their management; that respondent and its agent, the vehicle company, were aware of this; that on April 17, 1915, the vehicle company negligently entrusted

one of the vehicles to a visitor who was unskilled in its management, without inquiring as to his competency to operate it upon the thoroughfares mentioned; that because of the driver's ignorance of the proper operation of the vehicle and lack of skill as to its proper management, and because of the negligence of respondent in putting the driver in charge of the vehicle without instructing him concerning its operation, the driver was unable to stop the vehicle; and that because of such negligence he ran into appellant, causing the injuries."

At pages 326-327 the court quotes 2 Cooley on Torts, 3d ed. page 1410, as follows: " '1. The first requisite in establishing negligence is to show the existence of the duty which it is supposed has not been performed . . . 2. The duty being pointed out, the failure to observe it is to be shown; in other words, the existence of negligence.' "

At pages 329-330 the court said:

"In support of respondent's contention that it is not liable in any event for appellant's injuries, for the reason that it was a bailor of an electric car, many authorities are cited to the effect that a bailor of a machine is not liable for injuries caused through its use by a bailee.  However, these authorities are not in point, for the reason that they relate to the ordinary case of bailment of a machine with a resulting injury to a third person, a stranger.  In this case it was alleged that the bailor was under the duty to use ordinary care to protect appellant from injury.  It may well have been, and it was so alleged in the complaint, that the mere fact of giving the machine to the bailee for operation among pedestrians was an act of negligence and a breach of the duty. It was further alleged that the cars were dangerous appliances when in the hands of one unskilled in their management; that respondent and the vehicle company knew this; that respondent negligently entrusted one of them to an unskilled person; and that by reason of his ignorance the accident in question resulted.  In view of these allegations whether or not the car was a dangerous machine became a question for the jury to decide.  [Citation.]  If it were found to be a dangerous machine, respondent would be liable . . ."

The applicability of the Johnstone case is manifest when the allegations of the two complaints are compared.  This complaint alleged:

"That a Roto-Tiller of the type supplied by defendants to

plaintiff was a dangerous device when placed in the hands and control of persons unskilled in the proper management and control thereof, which fact said defendants well knew and of which fact plaintiff was ignorant.''

It then alleged that the ''defendants negligently and carelessly let for hire the said Roto-Tiller to the plaintiff without proper or' any inquiry or investigation concerning his competency or ability to safely operate said device, and without any warning to the said plaintiff that the said device was a dangerous instrumentality when operated by a person ignorant of the proper management and control thereof.''

■ The basis of the liability is the superior knowledge possessed by the owner, of the dangerous character of the leased chattel. *McEvoy* v. *American Pool Corp.*, 32 Cal.2d 295 [195 P.2d 783] was a case where jars containing dangerous chemicals were carried around in one of defendant's service cars. In a collision the jars broke and their contents injured the plaintiff who was riding in the car. There was evidence that defendants had failed to give the employee in charge of the car ''adequate notice of the extremely dangerous character of the liquids and that he was unaware that they were dangerous.'' At page 298 the court said: ''The conclusion that certain conduct is negligent involves the finding both of a legal duty to use due care and a breach of such duty by the creation of an unreasonable risk of harm,'' (citing the Johnstone case and others).

*Rae* v. *California Equipment Co.*, 12 Cal.2d 563 [86 P.2d 352] was a case where a piece of equipment was leased by defendant for use in the making of a moving picture. It was unfit, in that it did not conform to certain safety orders. In reversing a judgment in favor of the lessor the court (p. 569) cited section 408 of the Restatement of the Law of Torts.

■ As was said in the Johnstone case:

''The complaint having alleged that a duty was owing to appellant by respondent, that there was a breach thereof, and that the injury was the result of this negligence, it was sufficient.''

The judgment is reversed.

Nourse, P. J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied August 7, 1952. Shenk, J., and Schauer, J., were of the opinion that the petition should be granted.