[L. A. No. 23638. In Bank. Apr. 26, 1955.]

ARTHUR W. STOWE, Appellant, v. FRITZIE HOTELS, INC. (a Corporation), Respondent.

Harold D. Kraft and Robert F. Reynolds for Appellant.

Frank W. Woodhead, Robert E. Morrow and Henry F. Walker for Respondent.

EDMONDS, J.—Arthur W. Stowe sued for damages for bodily injuries, naming as defendants Fritzie Hotels, Inc., and Fritzie Hotels, Inc., doing business as St. Francis Hotel and Apartments. His appeal from a judgment of dismissal presents questions concerning the sufficiency of his complaint.

The complaint is in three counts. In the first five paragraphs of count one, Stowe alleges that the defendants "were the owners, proprietors and managers of a multiple unit hotel and furnished apartment premises . . . ; that at all times said premises included numerous furnished apartments and hotel rooms . . . and a certain furnished unit known as number 425, . . . ; that at all said times defendants managed, maintained and operated the said premises for profit . . . ; that said premises were operated as a hotel and that defendants at all times during the tenancy of plaintiff hereinafter described . . . and at the time of the occurrence of the accident hereinafter referred to, owned and retained and exercised full and exclusive control, management and supervision of all of the said unit number 425 and all of its general furniture and furnishings including a certain heavy standard lamp which had at its top as its shade a large glass bowl; that plaintiff is informed and believes and on this ground alleges that said bowl weighed about ten pounds and was much larger and heavier than the base of the lamp which was made of metal and separated from the shade by a standard about five feet long. That . . . plaintiff rented the said furnished apartment or hotel unit number 425 including said lamp from defendants . . . for the agreed use . . . as dwelling accommodations; that . . . at the time of the occurrence of the accident hereinafter referred to, plaintiff was upon said premises pursuant to and by virtue of said renting . . . as the tenant, business guest and invitee of defendants. . . . That defendants supplied said unit 425 and plaintiff as the tenant thereof with complete daily maid service at all times during said tenancy of plaintiff."

Stowe then pleads that "the defendants negligently, care-

lessly, recklessly and unlawfully maintained, managed, operated, controlled and cared for said standard lamp'' at a place about 5 feet from a bed which he used for sleeping purposes, so that it fell and the glass bowl struck his right leg as he lay asleep in bed, causing the injuries for which damages are demanded.

In the second count, Stowe incorporates the first five paragraphs of the first one and alleges that during his tenancy and ''in hiring and letting said rental unit . . . the defendants orally represented and warranted . . . that the said lamp was in a safe and usable condition and fit for the purpose for which it was intended, including the purpose of use by plaintiff as a lamp in the proximity of plaintiff's bed where defendants placed and maintained it, and . . . plaintiff believed said facts, . . . to be true and at all times relied on them.''

''That all during said tenancy . . . the said lamp was in an unsafe and dangerous condition in that it was top-heavy, loosely put together, and liable to lean and topple over without cause beyond its own make-up plus the force of gravity and the normal vibrations of said hotel premises, and was unfit for use by human beings or by this plaintiff, which facts were unknown to plaintiff and the said unsafe, dangerous and unfit conditions were latent and not known by or ascertainable by this plaintiff. That the defendants at all times herein mentioned knew, or could have known had they exercised reasonable care and diligence, that the said lamp was at all said times in an unsafe, dangerous and unfit condition, but notwithstanding defendants' knowledge of said unsafe, dangerous and unfit condition, defendants let and hired to plaintiff for the use and occupancy of plaintiff and his wife the said rental unit. . . .''

The third cause of action is the same as the second one, omitting only the allegations concerning the oral representation and warranty.

The demurrer charges that the complaint fails to state facts sufficient to constitute a cause of action, and that it is uncertain, ambiguous and unintelligible in various particulars. Upon hearing, the court ordered: ''General Demurrer to Complaint Sustained—10 days to amend.'' Stowe having failed to amend, the action was dismissed.

### Does Count I State a Cause of Action?

What duty did the defendants owe Stowe under the facts alleged? If the relationship was that of an owner of a

hotel and a guest, the rule is that, although the proprietor is not absolutely liable for injuries suffered, he owes a duty, at all times, to maintain the premises in a reasonably safe condition. (*Goldstein* v. *Healy*, 187 Cal. 206 [201 P. 462]; *Wallace* v. *Speier*, 60 Cal.App.2d 387 [140 P.2d 900]; and see 18 A.L.R.2d 973.) █ On the other hand, the proprietor of a furnished apartment is not liable to a tenant for injuries caused by the property leased in the absence of fraud, concealment or a covenant in the lease. (*Wilson* v. *Ray*, 100 Cal.App.2d 299, 303 [223 P.2d 313]; *Forrester* v. *Hoover Hotel & Inv. Co.*, 87 Cal.App.2d 226, 232 [196 P.2d 825]; *Hunter* v. *Freeman*, 105 Cal.App.2d 129, 131 [233 P.2d 65].) In the Forrester and Hunter cases, the court refused to impose a higher duty of care than that of the landlord-tenant relationship although the plaintiff urged that various statutes created a different standard.

█ As against a general demurrer, negligence may be pleaded in general terms. (*Stafford* v. *Shultz*, 42 Cal.2d 767, 774 [270 P.2d 1]; *Rannard* v. *Lockheed Aircraft Corp.*, 26 Cal.2d 149 [157 P.2d 1].) If the facts pleaded by Stowe show that he was a guest in a hotel, his complaint states a cause of action. But it fails to do so if his allegations present only the relationship of landlord and tenant of a furnished apartment. █ In this count there is no allegation of fraud or concealment, or a covenant. Facts to establish one of those exceptions to the general rule of nonliability must be specifically pleaded to state a cause of action for injuries to a tenant. (*Wilson* v. *Ray*, 100 Cal.App.2d 299, 303 [223 P.2d 313].)

█ The chief distinction between a tenant and a lodger lies in the character of possession. A "tenant" has exclusive legal possession of premises and is responsible for their care and condition. A "lodger" has only the right to use the premises, subject to the landlord's retention of control and right of access to them. To make one a tenant, as respects an owner's liability for injuries sustained by occupant on the premises, he must have exclusive possession and control. (*Marden* v. *Radford*, 229 Mo.App. 789 [84 S.W.2d 947, 954]; see also 64 Yale L.J., 391-411.) █ When premises are under the direct control and supervision of the owner and rooms are furnished and attended to by him, he or his servants retaining the keys to them, a person renting such a room is a lodger and not a tenant. (*Fox* v. *Windemer Hotel Apartment Co.*, 30 Cal.App. 162, 165 [157 P. 820].) █ The word "apartment" in its usual and ordinary connotation signifies

that its occupant acquire exclusive possession and is a tenant rather than a roomer. (*Washington Realty Co.* v. *Harding,* (D.C.Mun.App.) 45 A.2d 785, 786.)

Each fact pleaded by Stowe in regard to his status is consistent with the conclusion that he was a "lodger" except that the words "tenant" and "tenancy" are used. He speaks of the premises as a "furnished apartment or hotel room." These are but conclusions or ultimate facts.

Where there is any inconsistency between the specific allegations upon which a conclusion must be based and the conclusion, the specific allegations control. (See *Denman* v. *Pasadena,* 101 Cal.App. 769, 777 [282 P. 820]; *Willis* v. *Page,* 19 Cal.App.2d 508, 512 [65 P.2d 944].)

In support of the judgment, it is argued that where there is ambiguity or uncertainty and the plaintiff refuses to amend after those defects are pointed out by demurrer, the ambiguities must be resolved against him. (See Witkin, 2 California Procedure, Pleading, § 213, p. 1192.) This rule would apply if the ambiguous allegations were of equal strength. But here the ambiguity is between specific allegations and conclusions, and the former must control.

It is also suggested that the complaint is defective because it fails to allege that Stowe did not know of the defect and the allegations indicate that he should have realized the danger, or was in as good a position to determine the danger as was the owner. But as the pleading asserts that there was owed to him the duty of reasonable care to maintain the premises in a safe condition, the point relied upon presents only the question as to whether Stowe was contributively negligent. The plaintiff is not required to allege facts negating or anticipating possible defenses. (See *Jaffe* v. *Stone,* 18 Cal.2d 146, 158 [114 P.2d 335, 135 A.L.R. 775]; *Canfield* v. *Tobias,* 21 Cal. 349, 350.)

### *Does Count II State a Cause of Action?*

Stowe claims that the second count states a cause of action based on a representation, relied upon by him, that the premises and the lamp were safe. "To be actionable deceit, the representation need not be made with knowledge of actual falsity but need only be an 'assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true' (citations) and made 'with intent to induce [the recipient] to alter his position to his injury or his risk . . .' (citations)." (*Gagne* v. *Bertran,* 43 Cal.2d

481, 487 [275 P.2d 15].) ▮▮▮ The allegation that the statement concerning the lamp was made by the owner, and relied upon by Stowe in conjunction with the averment that the owner "knew or could have known" of the lamp's unsafe condition sufficiently pleads the cause of action.

▮▮▮ This count also clearly states a cause of action upon the theory of an express warranty whether Stowe was a tenant or a lodger. He alleges that the owner "held out and orally represented and warranted to plaintiff that the said lamp was in a safe and usable condition and fit for the purposes for which it was intended including" the purpose for which he used it. In *Fried* v. *Buhrmann,* 128 Neb. 590 [259 N.W. 512, 513], the court said that the lessor of a furnished apartment who warrants the safety of the furniture and agrees to keep it in repair, is liable for injuries resulting from his failure to do so. This rule finds support in *Shattuck* v. *St. Francis Hotel & Apts.,* 7 Cal.2d 358, 361 [60 P.2d 855], where the court held that, after one receives assurances on the part of the management that the furniture is safe, he has "the right to assume that the landlord knew and had means of knowing that everything required for ordinary use and occupancy was free from any fault inconsistent with the proper use and enjoyment of the room." Actual knowledge on the part of the lessor is not required. ▮▮▮ In the present case if, as pleaded, the owner orally represented and warranted that the lamp was safe, he assumed the duty to have the premises in a safe condition at the time they were rented. The allegation that at all times the lamp was in an unsafe and dangerous condition sufficiently states a breach of that duty.

▮▮▮ It is argued that, if the lamp were defective, there is no allegation which explains why the defect was not as obvious to Stowe as to the owner. (See *Toner* v. *Meussdorffer,* 123 Cal. 462 [56 P. 39].) But from the allegation in Stowe's complaint that daily maid service was furnished, it may be inferred that the owner, or his agents, were in a better position to notice the top-heaviness of the lamp while moving it in the process of cleaning the room.

### Does the Third Count State a Cause of Action?

Stowe argues that in this count he has alleged a breach of an implied warranty. Such a warranty is said to be established by sections 1714, 1833 and 1955 of the Civil Code. For that rule Stowe cites *Fisher* v. *Pennington,* 116 Cal.App.

248 [2 P.2d 518]; *Charleville* v. *Metropolitan Trust Co.*, 136 Cal.App. 349 [29 P.2d 241]; *Monroe* v. *East Bay Rental Service*, 111 Cal.App.2d 574 [245 P.2d 9]; *Sharpless* v. *Pantages*, 178 Cal. 122 [172 P. 384], and *Shattuck* v. *St. Francis Hotel & Apts.*, 7 Cal.2d 358 [60 P.2d 855]. In the Fisher case, the court held that the landlord of a furnished apartment impliedly warrants the safety of the premises and the furnishings to the same extent as an innkeeper. However, this language was disapproved in *Forrester* v. *Hoover Hotel Inv. Co.*, 87 Cal.App.2d 226 [196 P.2d 825] and *Hunter* v. *Freeman*, 105 Cal.App.2d 129, 131 [233 P.2d 65], on the ground that such a rule would make the landlord a virtual insurer of the safety of the tenant. The Charleville case was based entirely on the Fisher rule. The other decisions cited by Stowe are not in point. The Monroe case involved an inherently dangerous instrument. The suit of Sharpless was that of a patron against a theatre, and in the Shattuck case the action was upon an express warranty.

█ This count pleads, as does count one, that the owner knew, or could have known, of the dangerous condition and injury resulting from failure to provide safe premises. These facts sufficiently charge negligence.

For the reasons stated, each of the three counts of the complaint pleads facts sufficient to state a cause of action, as against the general demurrer, and it should not have been sustained. █ But the owner insists that the judgment of dismissal should be affirmed if the special demurrer was well taken upon any ground, Stowe not having amended when given the opportunity to do so. That clearly is the rule when the demurrer is sustained with leave to amend and the court does not specify the ground of its ruling. (*Evarts* v. *Jones*, 104 Cal.App.2d 109 [231 P.2d 74]; *Metzenbaum* v. *Metzenbaum*, 86 Cal.App.2d 750 [195 P.2d 492]; *Sanders* v. *Allen*, 83 Cal.App.2d 362 [188 P.2d 760]; *Jensky* v. *State Board of Equalization*, 67 Cal.App.2d 612 [155 P.2d 87].)

The same rule has been invoked when one of the two grounds for general demurrer is specified by the court in its ruling sustaining the demurrer. In *Southall* v. *Security Title Ins. & Guar. Co.*, 112 Cal.App.2d 321 [246 P.2d 74], the grounds of demurrer were that it failed to plead facts· sufficient to state a cause of action and also that it was barred by the statute of limitations. The demurrer was sustained upon the latter ground. Upon appeal, it was held that the complaint did not state a cause of action, and "if the de-

murrer should have been sustained upon any of the grounds urged, the judgment will not be reversed."

A number of cases suggest that when the demurrer is sustained on the ground that the complaint does not state a cause of action, upon appeal the judgment of dismissal will be affirmed if either the special or general ground was well taken. (*People* v. *Central Pac. R. R. Co.,* 76 Cal. 29 [18 P. 90]; *Wakeham* v. *Barker,* 82 Cal. 46 [22 P. 1131]; *Sechrist* v. *Rialto Irr. Dist.,* 129 Cal. 640 [62 P. 261]; *Davey* v. *Southern Pac. Co.,* 116 Cal. 325 [48 P. 117]; *Burke* v. *Maguire,* 154 Cal. 456 [98 P. 21]; *Stratford Irr. Dist.* v. *Empire Water Co.,* 44 Cal.App.2d 61 [111 P.2d 957].) None of these cases expressly decides this question. In the Central Pacific case, apparently the demurrer was sustained in general terms. This court held that the complaints in the Wakeman, Burke and Stratford Irrigation District cases failed to state a cause of action. In *Sechrist* v. *Rialto Irr. Dist.,* the trial court specifically ruled on all grounds presented by the demurrer. The question presented in *Davey* v. *Southern Pac. Co.,* concerned the admissibility of evidence and not one of pleading.

In *Moxley* v. *Title Ins. & Trust Co.,* 27 Cal.2d 457, 462 [165 P.2d 15], the court said, "The order of the court sustaining the demurrers is general in its terms and does not indicate the grounds upon which the court acted. *In such situation* the law is settled that 'If the demurrer is well taken as to any of the grounds stated therein, then the order of the court sustaining the demurrer must be affirmed by the reviewing court.'" (Emphasis added.) Also, in *Bernstein* v. *Piller,* 98 Cal.App.2d 441, 443 [220 P.2d 558], the rule was stated to be that "On appeal from a judgment entered after the sustaining of a demurrer the order of the trial court *if in general terms* must be affirmed by an appellate court if the demurrer is well taken as to any of the grounds stated therein." (Emphasis added.) In both of these cases the order was in general terms.

The pleader should be entitled to rely upon a statement in the order sustaining the demurrer as to the ground upon which it is made. When a demurrer based upon both general and special grounds is sustained and the order mentions only the general ground, impliedly the ruling was made either without consideration of the special grounds or upon a determination that they are not well taken. If the general demurrer was sustained erroneously, the trial judge should be directed to consider the special grounds. (See

*Guilliams* v. *Hollywood Hospital*, 18 Cal.2d 97, 104 [114 P.2d 1].) Under a contrary rule, the pleader could not profit from the appeal unless he has anticipated the ruling to be made on the special demurrer and amended his pleading to remedy any defects.

The judgment is reversed with directions to the trial court to overrule the general demurrer and to rule on the points presented by the special demurrer.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Respondent's petition for a rehearing was denied May 25, 1955.