[Civ. No. 9534.   Third Dist.   Feb. 4, 1959.]

PRISCILLA SALA, Respondent, v. CARL CHRISTENSEN et al., Appellants.

Robert M. Cole for Appellants.

Chalmers, Sans & Gardner for Respondent.

WARNE, J. pro tem.\*—This is an appeal from a money judgment entered upon a jury's verdict in a personal injury action.

It appears from the settled statement upon which this appeal is presented that the respondent sustained personal injuries when she stepped into an uncovered "crawl or access hole" on the premises of appellants' motel. The uncovered crawl or access hole is located in a concrete slab on the west side of the motel unit, which respondent had, on the day of the accident, rented from defendants. This slab is approximately 2 feet wide and extends the full length of the building on its west side. On the other three sides of the building are concrete sidewalks approximately 3 feet wide. These sidewalks join the concrete slab to form a continuous flat surface which gave an appearance of the sidewalk extending completely around the building. However, on the west side, and in the so-called slab, are three "crawl" or "access" holes, which were open at the top. The crawl hole which caused respondent's fall and resulting injury is only 25 inches south of the northwesterly corner of the building or approximately 5 feet south of the northerly edge of the sidewalk on the north side. This crawl or access hole apparently extends across the entire width of the slab and at its most westerly end is a little over 4 inches deep. It does not appear in the statement what its depth is at other points throughout its width. Extending along the entire length of the slab, and immediately adjacent thereto, is a well-packed gravel path leading from the motel unit in question to the motel courtyard. There was no direct illumination on the west side of the building. However, there was some light which came from the yellow lights above the unit doorways on each side of the

---

\*Assigned by Chairman of Judicial Council.

building and white overhead lights at intervals along the driveway to the north.

Between 3 and 4 on the afternoon of the day of the accident respondent rented two units at appellants' motel, one for herself and one for an ill friend. After one of the appellants showed respondent the accommodations, they returned by foot from the unit which respondent rented for herself to the motel office by way of a gravel path adjacent to and on the westerly side of the building, said appellant leading the way. There were no signs or warnings prohibiting travel over the path by guests in the motel units or by the general public nor were there gates or other obstructions closing off the pathway from travel by guests, invitees or the general public nor had they been prevented from using the pathway.

At approximately 9:30 p.m. respondent left her apartment or motel unit with the intention of going to her friend's apartment by way of the gravel path, and as she took one or two steps around the northwest corner of the building she stepped into one of the uncovered access or crawl holes and fell to the ground, thereby receiving injury to her person. There is testimony that it was dark at the time of the accident, and that in order to see the hole one had to get down fairly close to it. On the other three sides of the building there are paved and lighted sidewalks.

Appellants contend that the respondent did not enjoy the status of an invitee on the path or portion of the premises where she fell and that as a matter of law respondent was guilty of contributory negligence in using the unlighted path rather than the illuminated sidewalk around the building. There is no merit in either contention.

The occupancy and use of the portion of the premises where the plaintiff was injured was clearly within the area of plaintiff's implied invitation as a guest at the motel. It must be kept in mind that one of the appellants, after showing respondent the motel unit, on returning with respondent to the office used the very pathway which respondent decided to use at the time of her injury, thus impliedly, if not expressly, inviting plaintiff to use the walk. There was nothing to indicate that the respondent should not again use the path. To the contrary, the facts clearly indicate that the path was for the use of anyone lawfully upon the premises as a means of ingress and egress. The accident, however, occurred before respondent had actually set foot on the path. Respondent was still on what appeared to be a continuation of the sidewalk

when she stepped into the uncovered crawl or access hole. Respondent had no warning of the existing dangerous condition nor was she aware of it. At the time of the accident the lighting conditions were such that it was not then a patent defect which one could ordinarily see. It was only illuminated by indirect light which came from the sides of the building and from certain lights over the driveway to the north. Under these conditions it is clear to us that the appellants failed to use ordinary care to avoid injury to the respondent by negligently failing to keep the premises in a condition reasonably safe for anyone lawfully upon the premises. (*Stowe* v. *Fritzie Hotels, Inc.*, 44 Cal.2d 416 [282 P.2d 890]; 27 Cal.Jur.2d, § 28, p. 279.)

As to appellants' contention that respondent was guilty of contributory negligence as a matter of law, appellants argue that respondent was negligent because she decided to use the unlighted path rather than the paved and well-lighted route at the other end of the building. The question of contributory negligence, however, was one of fact for the jury and we cannot say that plaintiff was negligent as a matter of law. Under the evidence the jury could have found that since respondent was not aware of the hazard she did not act unreasonably in assuming that there was nothing of a dangerous character on the premises, especially in what appeared to be a continuation of the sidewalk. (*Hayes* v. *Richfield Oil Corp.*, 38 Cal.2d 375, 385 [240 P.2d 580].) Further, as stated in *Anthony* v. *Hobbie*, 25 Cal.2d 814, 818 [155 P.2d 826]:

". . . [C]ontributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be followed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion."

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied February 25, 1959, and appellants' petition for a hearing by the Supreme Court was denied April 1, 1959.