[Civ. No. 12136.   Second Appellate District, Division Two.—April 17, 1939.]

BERTHA BARRIOS, Appellant, v. ROY TOKUZO IWAKI et al., Respondents.

Howard Levine, Samuel A. Rosenthal and Sampson M. Cronenberg for Appellant.

George L. Greer for Respondents.

CRAIL, P. J.—The plaintiff on appeal contends that the trial court erred in failing to make a finding with regard to "an implied warranty of merchantability", and

the sole question necessary for this court to determine is, was it necessary for the trial court to make such a finding?

Plaintiff's cause of action is based on two counts. In the first count the plaintiff alleges that in the sale of a certain medicine for hair dyeing purposes called "Two-Faces", the defendant warranted "that each and all of the ingredients in said preparation were absolutely safe and harmless; that said preparation could be used by any person in her own home for the purpose of dyeing hair without discomfort and without fear of causing injury to the hair, scalp or any other portion of the body to which it might be applied, and that the said preparation could be used as often as liked with perfect safety"; that relying upon said warranties the plaintiff purchased a bottle of said "Two-Faces"; that the plaintiff used said medicine and received certain injuries proximately resulting therefrom.

The second count alleged that the defendants manufactured said medicine and that they were negligent in so doing.

The court made a finding that the defendant had not made any of the warranties above set out and "that the said brand of hair dye was a commodity that had been regularly stocked by the defendants in said drug store for a considerable period of time previous to plaintiff's said purchase; that it was always packaged, was sold under a trade name, and was always regularly purchased by defendants through the customary wholesale trade; that neither of the defendants designed the formula for said preparation or had anything to do with the making up of said formula; that previously to learning of plaintiff's unfortunate experience with said preparation, neither defendant had received any complaint about said dye, nor learned of any other case in which it had caused injury".

The plaintiff relies upon parts of section 1735 of the Civil Code, which reads as follows: "Implied warranties of quality. Subject to the provisions of this act and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows: (1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the

grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose. (2) Where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be of merchantable quality. . . . ''

All reasonable inferences are to be indulged to support the findings, and since all presumptions are in favor of the findings of the trial court, an appellate court in reviewing the findings will give them a liberal construction in support of the judgment. (Cal. Jur. Ten-year Supp., vol. 1, p. 525.)

The complaint does not at all or in any manner allege that there was an implied warranty of merchantable quality; neither does it allege any lack of merchantable quality in the medicine sold. "It is the rule that warranties not pleaded cannot be relied upon either in support of an action or as a defense." (*Alvernaz* v. *H. P. Garin Co.*, 127 Cal. App. 681, 688 [16 Pac. (2d) 683]; *Kullman, Salz & Co.* v. *Sugar etc. Mfg. Co.*, 153 Cal. 725 [96 Pac. 369]; *American Steel Pipe etc. Co.* v. *Hubbard*, 42 Cal. App. 520 [183 Pac. 830].)

The plaintiff, however, contends that a portion of the answer contained the phrase "nor did he warrant the same to the plaintiff", and that this is sufficient to make out a cause of action of whatever nature upon warranty, including that of merchantable quality. In our view this allegation merely restates the general denial of the complaint's allegations of several express warranties. It could not be held on appeal as a substitute for a valid cause of action for damages for breach of an implied warranty not alleged in the complaint.

The plaintiff fails to point out to us where the alleged issue of an implied warranty of merchantable quality was called to the attention of the trial court or even mentioned during the trial, and it would not be fair on appeal to reverse the trial court's judgment for failure to make a finding on such an issue.

Judgment affirmed.

Wood, J., and McComb, J., concurred.