[Civ. No. 17791.   Second Dist., Div. Two.   Nov. 2, 1950.]

C. JOHN WILSON, Appellant, v. THOMAS A. RAY et al., Respondents.

Arthur E. Briggs for Appellant.

Moss, Lyon & Dunn and Henry F. Walker for Respondents.

McCOMB, J.—From a judgment and order of nonsuit and dismissal·in favor of defendants in an action to recover damages for personal injuries, plaintiff appeals.

*Facts:* On or about August 22, 1948, plaintiff and his wife were guests of a Mr. and Mrs. Muti, lessees of an apartment owned by defendants. While plaintiff was reading a newspaper in a room adjacent to the kitchen of the apartment he overheard a conversation in the kitchen to the effect that the fire in the oven had gone out, and that his wife had turned off the gas cock. Plaintiff immediately walked into the kitchen, opened the oven door, struck a match, inserted the lighted match into the oven, whereupon an explosion occurred causing plaintiff personal injuries. The stove was an old gas range and at the time of the accident had a vent for the flue approximately 3½ by 3 inches in which was wadded a greasy brown paper preventing fumes from escaping through it.

Defendant Mrs. Ray told plaintiff she had had trouble with the stove in her own apartment and had moved it into the apartment which was subsequently leased to Mr. and Mrs. Muti; that it was a gas stove, and that she had investigated and found out that it would burn butane gas if the holes were enlarged in the burners. However she had not had the holes in the burners enlarged, nor had she cleaned the oven burner.

On September 14, 1949, defendants' motion for a nonsuit was granted and on September 20, 1949, a minute order was entered by the clerk reading as follows: "Trial is resumed from September 13, 1949 with all parties and counsel present as before . . . Plaintiff rests. Motion for nonsuit by attorney for defendant Santa Catalina Company is by the court granted. Motion for nonsuit by attorney for defendants Thomas A. Ray and Mrs. B. Ray, husband and wife, is by the court granted. Jury is discharged. Cause is ordered off calendar."

On the same date a final written document entitled "Judgment of Nonsuit and Dismissal" was signed by the trial judge and entered. Within 10 days after the entry of the minute order granting defendants' motion for a nonsuit, plaintiff

filed a notice of intention to move for a new trial and on November 22, 1949, a minute order denying plaintiff's motion for a new trial was made and entered. On December 1, 1949, plaintiff filed a notice of appeal wherein he stated that he thereby "appeals to the District Court of Appeals of the State of California from the judgment made and entered in the above entitled court on September 20, 1949, in favor of said defendants and against said plaintiff, and from the whole of said judgment, motion for new trial having been made by said plaintiff and denied on November 21, 1949."

■ *Questions:* First: *Was plaintiff's appeal filed within the time allowed by law?*

This question must be answered in the affirmative. The final written judgment made and filed September 20, 1949, was a nullity and of no effect. (*Wulfjen* v. *Dolton*, 24 Cal.2d 878, 879 et seq. [151 P.2d 840]; *cf., Gwinn* v. *Ryan*, 33 Cal.2d 436, 437 et seq. [202 P.2d 51].) The minute order entered by the clerk is the judgment of nonsuit; therefore it is obvious that the judgment to which plaintiff referred in his notice of appeal was the judgment of nonsuit of the trial court entered by the clerk on such date. Hence, since plaintiff made a motion for a new trial within 60 days after the minute order was entered granting the motion for a nonsuit and filed his notice of appeal from such order within 30 days after denial of the motion for a new trial, the appeal was taken within the time prescribed by the Rules on Appeal. (See rules 2(a) and 3(a), Rules on Appeal, 22 Cal.2d 1, 2.)

■ Second: *Did the evidence show that defendants were negligent per se in not providing a proper vent for the gas stove involved in the accident?*

This question must be answered in the negative. Section 16903 of the State Housing Act, Health and Safety Code, division 13, part 1, chapter 20, page 667, reads as follows: "A gas range in the kitchen of every building shall be vented by one of the following means:

"(a) A flue, vent, or chimney similar to that required by this chapter for gas water heaters, placed in the wall of the kitchen adjacent to the gas outlet and connected with the oven of the gas range.

"(b) A ventilator opening in the wall or ceiling approximately over the gas outlet, having an area of not less than six by eight inches and connecting with a ventilating duct of not less than thirty-six square inches in cross-sectional area leading to the outside air.

"(c) An approved system of forced draft ventilation."

The burden is upon plaintiff to prove that defendants have not complied with the provisions of the foregoing statute. (*Ayres* v. *Wright,* 103 Cal.App. 610, 618 [284 P. 1077]; *De Motte* v. *Arkell,* 77 Cal.App. 610, 620 et seq. [247 P. 254].) There was evidence that defendants had not complied with subsection (a) of the statute. However there was a total absence of any evidence to show that defendants had not complied with either of the alternatives mentioned in subsections (b) and (c) of the act. In order to prove negligence upon the part of defendants predicated upon their violation of the provisions of the act, it was necessary for plaintiff to introduce evidence showing that defendants had not complied with any one of the three alternatives permitted them by the very terms of the act. This plaintiff failed to do.

■ Third: *Were defendants liable to plaintiff on the theory of an implied warranty of the fitness of the stove for use?*

This question must also be answered in the negative and is governed by the rule that where a party relies upon an implied warranty he must plead the warranty. (*Barrios* v. *Iwaki,* 32 Cal.App.2d 198, 200 [89 P.2d 417]; *Ice Bowl, Inc.* v. *Spalding Sales Corp.,* 56 Cal.App.2d 918, 922 et seq. [133 P.2d 846]; *Kullman, Salz & Co.* v. *Sugar etc. Co.,* 153 Cal. 725, 733 [96 P. 369].) The complaint in the instant case contains no allegation which would support the theory that plaintiff was predicating the liability of defendants upon either an express or implied warranty. Hence the foregoing rule is applicable and *Fisher* v. *Pennington,* 116 Cal.App. 248 [2 P.2d 518], relied on by plaintiff, is not in point for the reason that the recovery in such case was predicated upon the theory of an implied warranty.

■ Fourth: *Were defendants liable to plaintiff for the defective condition of the stove because it was defective when the apartment was leased to Mr. and Mrs. Muti?*

This question must likewise be answered in the negative. It is the general rule that a landlord is not liable to a tenant or his invitees for defective condition or faulty construction in property leased, in the absence of fraud, concealment or a covenant in the lease. (*Forrester* v. *Hoover Hotel & Inv. Co.,* 87 Cal.App.2d 226, 232 [196 P.2d 825]; *Shotwell* v. *Bloom,* 60 Cal.App.2d 303, 309 [140 P.2d 728].) It is likewise settled that if a plaintiff is seeking to recover against a lessor on the theory that he has a cause of action falling within the

exception to the general rule, such plaintiff must plead and prove the exception to the general rule under which he claims a right against the lessor. (See the cases cited in 21 Cal.Jur. (1925) p. 60, Pleading, § 36. *Cf., Reinhard* v. *Lawrence Warehouse Co.,* 41 Cal.App.2d 741, 745 [107 P.2d 501].) In the present case there is no pleading or proof that defendants covenanted in their lease that the stove in question was not defective, that they perpetrated any fraud upon the lessee or concealed any material facts from the lessee.

Fifth: *Were defendants liable to plaintiff on the theory that having undertaken to make repairs upon the demised premises they were liable for injury resulting from their negligence?*

This question must also be answered in the negative. There is a total absence of evidence that defendants or either of them made or attempted to make any repairs upon the stove during the time the apartment was leased to Mr. and Mrs. Muti. Therefore defendants were not liable to plaintiff under the above stated theory.

Sixth: *Is the doctrine of res ipsa loquitur applicable to the facts of the instant case?*

This final question must too be answered in the negative. It is the general rule that the doctrine of res ipsa loquitur is inapplicable in the absence of a showing that the instrumentality causing the injury was within the exclusive control of the defendant. (*Olson* v. *Whitthorne & Swan,* 203 Cal. 206, 208 [263 P. 518, 58 A.L.R. 129]; *Ybarra* v. *Spangard,* 25 Cal. 2d 486, 489 [154 P.2d 687, 162 A.L.R. 1258].) In the present case plaintiff failed to offer any evidence proving or tending to prove that the instrumentality which caused the accident was within the exclusive control of defendants or either of them. On the contrary the evidence disclosed that the gas range was within the control of the lessees of the apartment and not of defendants. Therefore the doctrine of res ipsa loquitur was inapplicable in the present case.

The judgment and order of nonsuit are affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied November 20, 1950.