Filed 8/25/15  McAdory v. Food 4 Less of California, Inc. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| JAMES McADORY,<br><br>　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>FOOD 4 LESS OF CALIFORNIA, INC.,<br><br>　　　Defendant and Respondent. | D066396<br><br><br><br>(Super. Ct. No. 37-2014-00009950-<br>CU-CR-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Earl H. Maas III, Judge.  Affirmed.

James McAdory, in pro. per., for Plaintiff and Appellant.

Gibbs & Fuerst and Russell S. Fuerst, Peter J. Carlson, for Defendant and Respondent.

Plaintiff and appellant James McAdory, a self-represented litigant, appeals from a judgment of dismissal in favor of defendant and respondent Food 4 Less of California, Inc. after the trial court sustained defendant's motion to quash service of plaintiff's

summons and complaint. Because plaintiff has not demonstrated error or prejudice in the trial court's ruling, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

We state the facts and procedure from the documents contained in the appellant's appendix. In August 2013, plaintiff filed a summons in the superior court under case No. 37-2013-00064425-CU-DF-NC purporting to give notice to defendant, identified as "Kroger/Ralphs/Food 4 Less," that he was suing it. Attached to the summons was an approximately three-page typewritten account of events that were alleged to have occurred in 2011 and 2012 at an Escondido Food 4 Less market, where plaintiff asserted he had been a patron for many years. In December 2013, the court tentatively sustained general and special demurrers to plaintiff's complaint without leave to amend, but apparently later granted plaintiff leave to amend the complaint.[1]

In January 2014, plaintiff filed an amended form complaint against defendant purporting to state causes of action for "harassment" and "mental anguish," and seeking damages for emotional distress and "failing health." Plaintiff alleged that from March 2011 until March 2013 he was harassed by defendant's employees and one of its managers, who followed him around the store and told him not to speak with employees. He alleged that in March 2013, another employee told him he was not allowed to shop at

---

[1]     The supporting and opposing demurrer papers are not contained in the appellate record, nor is the trial court's final order sustaining the demurrers but granting plaintiff leave to amend. Defendant refers to that order, as well as the asserted fact that plaintiff voluntarily dismissed his amended complaint, but fails to provide any record citation for those procedural facts.

the store any longer.  Plaintiff alleged this behavior caused him hurt and a rapid decline in health, and that he was experiencing headaches, sleep deprivation, infections, diabetes, kidney failure, and depression.  The outcome of this amended pleading does not appear in the record.

In April 2014, plaintiff filed a new summons and complaint under case No. 37-2014-00009950-CU-CR-NC, purporting to set out causes of action for discrimination based on disability under "Title 3 of the Americans with Disabilities Act," violation of the Unruh Civil Rights Act, and intentional infliction of emotional distress.  He sought damages in the sum of $10 million dollars.  In a lengthy single spaced attachment, plaintiff repeated allegations that the Food 4 Less employees had harassed him and treated him in a hostile and threatening manner, and recounted his various interactions and conversations with Food 4 Less employees and others.

Defendant moved to quash service of the summons and complaint.  In June 2014, the trial court granted the motion to quash, ruling plaintiff's service did not meet the requirements of Code of Civil Procedure section 416.10, subdivision (b).  In its order, the court noted that though plaintiff's form complaint indicated that he sought to file causes of action for discrimination and intentional infliction of emotional distress, "no such causes of action are attached to the form complaint."  The court eventually entered a judgment of dismissal of the entire action with prejudice.

3

Plaintiff filed this appeal.[2]

DISCUSSION

I. *Principles of Appellate Review*

We begin with settled principles of appellate review. A challenged judgment or order is presumed correct, and thus plaintiff as the appellant " 'must raise claims of reversible error or other defect [citation], and "present argument and authority on each point made" ' " or risk abandonment of his claims. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8; *In re Sade C.* (1996) 13 Cal.4th 952, 994.) Under these principles, where the record is silent, this court will indulge all presumptions and intendments to support the appealed-from judgment or order. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

Rule 8.204(a)(1)(C) of the California Rules of Court places the burden on appellants to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." Thus," '[t]he reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment.' [Citation.] It is the duty of [appellant] to refer the reviewing court to the portion of the record which supports appellant's contentions on

---

[2]     Plaintiff's notice of appeal states that he is appealing from a judgment of dismissal following a demurrer entered on June 6, 2014. We construe the notice of appeal liberally in favor of its sufficiency, since it is clear that plaintiff appealed from the June 6, 2014 order *quashing service of process* and dismissing case No. 37-2014-00009950-CU-CR-NC, and defendant could not be misled or prejudiced by the error. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 20; Cal. Rules of Court, rule 8.100(a)(2).)

appeal. [Citation.] If no citation 'is furnished on a particular point, the court may treat it as waived.' " (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115.)

An appellant must include all "significant facts" in his or her brief limited to matters in the record. (Cal. Rules of Court, rule 8.204(a)(2)(C).) Additionally, the appellant must provide us with an appellate record adequate to evaluate his or her contentions. (See *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Aguilar v. Avis Rent A Car System*, *Inc.* (1999) 21 Cal.4th 121, 132.) Finally, " 'error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564.) We will not presume prejudice from an error. It is an appellant's burden to persuade us that the court erred in ways that result in a miscarriage of justice. (*Vaughn v. Jonas* (1948) 31 Cal.2d 586, 601; *In re Marriage of Dellaria* (2009) 172 Cal.App.4th 196, 204-205; Cal. Const., art. VI, § 13.)

II. *Plaintiff Has Not Demonstrated Error or Prejudice in the Appealed-From Judgment Following the Order Quashing Service of Plaintiff's Summons and Dismissing the Case*

Our analysis requires us to first point out what is at issue in this appeal. Plaintiff appealed from the trial court's June 6, 2014 order in case No. 37-2014-00009950-CU-CR-NC, which quashed service of plaintiff's summons and dismissed the case in its entirety with prejudice. The record does not contain a notice of appeal from the judgment or notice of dismissal entered, if any, following the trial court's orders sustaining defendant's demurrers to his pleadings in his previous case, No. 37-2013-00064425-CU-DF-NC. Plaintiff states in his opening appellate brief that he dismissed that case

5

voluntarily in April 2014. Thus, to the extent plaintiff seeks to challenge the trial court's order sustaining without leave to amend defendant's demurrer to his amended complaint in case No. 37-2013-00064425-CU-DF-NC, those arguments are not cognizable on this appeal. (See *Bourhis v. Lord* (2013) 56 Cal.4th 320, 330 [filing of a timely and valid notice of appeal is a prerequisite to the exercise of appellate jurisdiction]; *Delmonico v. Laidlaw Waste Systems, Inc.* (1992) 5 Cal.App.4th 81, 83.)

We have searched plaintiff's brief for discussion or analysis relating to the trial court's June 2014 order quashing service of the summons and dismissing the case. We found some reference to that order in plaintiff's "Statement of Appealability" in which he asserts: "It is my opinion Judge Mass III gave no consideration for my mental disability. And should have allowed me the chance to correct the mistake I made in serving the parties involved. I also believe I have shown adequate evidence in my complaints to justify discrimination based on disability. And even more evidence to justify intentional infliction of emotional distress." Otherwise, in plaintiff's "Argument" and "Standard of Review" sections, plaintiff refers only to the court's orders denying him leave to amend, and cites authority for how this court is to review whether a pleading states facts sufficient to state a cause of action, and whether a defect can be cured by amendment.

None of these arguments or assertions demonstrate how the trial court erred by granting defendant's motion to quash service of process and dismissing the case. Plaintiff does not set forth legal principles governing the motion or the applicable standard of review. In particular, plaintiff does not address the requirements of Code of Civil Procedure section 418.10 or more specifically 416.10, subdivision (b) regarding service

6

of process on a corporation,[3] or whether and how he complied with those service requirements, which the trial court found were not met by plaintiff's service. " ' "[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction." ' " (*Renoir v. Redstar Corp.* (2004) 123 Cal.App.4th 1145, 1152.) In sum, plaintiff provides no reasoned legal analysis or authority for his appellate challenge as required by California Rules of Court, rule 8.204(a)(1)(B). We need not examine undeveloped claims; our role is to evaluate legal argument with citation of authorities on the points made. (*Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984-985; *People v. Stanley* (1995) 10 Cal.4th 764, 793.) Plaintiff gives us no basis to conduct this analysis. None of his assertions affirmatively demonstrate the court erred in granting defendant's motion. Nor has he made any attempt to demonstrate prejudice resulting from any assumed error. As we have pointed out, "[n]either error nor prejudice is presumed." (*Eastwood v. Froehlich* (1976) 60 Cal.App.3d 523, 529.)

In light of plaintiff's failure to demonstrate error or prejudice, we affirm the judgment. (*Conservatorship of Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 8, see *Guthrey*, *supra*, 63 Cal.App.4th at p. 1115; *Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 972 [affirming on basis of inadequate record to fully assess appellant's arguments].) The fact plaintiff filed this appeal in propria persona does not exempt him from compliance with

---

3    Code of Civil Procedure section 416.10, subdivision (a), authorizes service on a corporation by delivery of a copy of the summons and complaint "[t]o the person designated as an agent for service of process" as provided by various sections of the Corporations Code. Code of Civil Procedure section 416.10, subdivision (b) permits service on specified officers of a corporation "or a person authorized by the corporation to receive service of process."

7

well-established appellate rules.  Self-represented litigants are held to the same standard as those represented by trained legal counsel.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)  " 'When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys.  . . .  Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney.' "  (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125-1126.)

DISPOSITION

The judgment is affirmed.

_____

O'ROURKE, Acting P. J.

WE CONCUR:

_____

AARON, J.

_____

IRION, J.